**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL WILSON, : | **Hon. Renée Marie Bumb** |
| Petitioner, : | Civil Action No. 09-0371 (RMB) |
| v. : |  |
| MONTGOMERY COUNTY, PA., : | **OPINION** |
| Respondent. : |  |

**APPEARANCES**:

    MICHAEL WILSON, #50204-056
    F.C.I. Fairton
    P.O. Box 420
    Fort Dix, New Jersey  08320
    Petitioner Pro Se

**BUMB**, District Judge:

Michael Wilson, who is presently confined at the Federal Correctional Institution at Fairton, New Jersey, filed a Petition for "Writ of Habeas Corpus for a Federal Prisoner seeking a Final Disposition for Outstanding State Charges," together with four exhibits. For the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction and decline to issue a certificate of appealability. See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

## I.  BACKGROUND

Petitioner is currently confined at FCI Fairton and serving a federal sentence of 63 months, imposed on April 3, 2007, by the United States District Court for the Eastern District of North Carolina, based on his guilty plea to Possession of a Document Making Implement with Intent to Produce False Identification Documents.  See United States v. Wilson, Crim. No. 06-0094-D-1 judgment of conv. (E.D.N.C. Apr. 3, 2007).

In the Petition presently before this Court, which Petitioner executed January 22, 2009, Petitioner seeks dismissal with prejudice of criminal charges brought against him in the Pennsylvania state courts by the District Attorney of Montgomery County, Pennsylvania.  Petitioner asserts the following facts. He asserts that he was taken into federal custody in regard to Crim. No. 06-0094-D-1 in February 2006.  He alleges that, after Petitioner entered a guilty plea, his presentence report referred to a bench warrant issued by Montgomery County, Pennsylvania, on September 24, 2004, in Docket No. CP-46-5914-2004.  He further asserts that, prior to sentencing Petitioner, United States District Judge James C. Dever, III, granted the government's motion for an upward departure based on an understated criminal history where "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history

category or the likelihood that the defendant will commit other crimes", pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(1).  See United States v. Wilson, Docket entry #42, p. 5 (E.D.N.C. Apr. 3, 2007).  While the advisory guideline range was 15 to 21 months, pursuant to the upward departure, Judge Dever imposed a sentence of 63 months imprisonment.  Id. at p. 10.  Petitioner states that at the time of sentencing Judge Dever referred to the Pennsylvania charges as item 36 in his criminal history.  This Court notes that, although the judgment of conviction does not mention the Pennsylvania charges, the Order granting the upward departure indicates that, at the time of Petitioner's federal arrest, he faced serious criminal charges in seven cases in four states for which he had failed to appear, including the Montgomery County charges referred to in this Petition:

> The pending charges include Theft, Possession of a Fraudulently Altered Driver's License, and other charges in Maryland (1995) (PSR ¶ 32); Grand Larceny in New York (1996) (PSR ¶ 33); Theft, Second Degree Forgery, and other charges in Delaware (2002) (PSR ¶ 34); Theft by Unlawful Taking, Receiving Stolen Property, and Unauthorized Use of a Motor Vehicle in Pennsylvania (2003) (PSR ¶ 35); Unlawful Use of a Credit Card in Pennsylvania (2003) (PSR ¶ 36); Access Device Fraud, Identity Theft, False Identification to Law Enforcement Authorities, and other charges in Pennsylvania (2004) (PSR ¶ 37); and Theft of Moveable Property and Simple Assault in New Jersey (2005) (PSR ¶ 38.)

United States v. Wilson, Docket entry #42, p. 3.

3

> Petitioner further asserts:
>
>> Since Mr. Wilson's inception into the Bureau of Prisons in May of 2007 many attempts have been made to try to resolve these pending charges [-] two formal request[s] by prison authorities (see attached exhibit 1 and 2) and one informal request by Mr. Wilson (see attached exhibit 3) and there has been one attempted legal maneuver in the state court of New Jersey, Cumberland County, where FCI Fairton is located (see attached exhibit 4). In 2 years of the notification of Mr. Wilson's availability and attempted resolution of this matter there has been no response from Montgomery County. Although Mr. Wilson has no formal detainer that if He had he could address through the Interstate Agreement on Detainers the pending charges still serve in the same function that the actual detainer would but Mr. Wilson has no way to resolve this matter. He is currently ineligible for all pre release programs that are mandatory, He is limited in attending all of the programs that are offered for His rehabilitation, He is ineligible for halfway house program that would assist him in reentering society.

(Pet. ¶ 5; Docket entry #1, p. 3.)

Petitioner contends that the inactivity of Montgomery County, Pennsylvania, regarding Docket No. CP-46-5914-2004 violates his Sixth and Fourteenth Amendment rights. He "ask[s] this Court through this Writ of Habeas Corpus to dismiss these charges with prejudice." (Id. ¶ 6; Docket entry #1, p. 4.)

Four documents are attached to the Petition. Exhibit One is a BOP form entitled "Detainer Action Letter" dated May 22, 2007, from Nancy Mori, Legal Instruments Examiner for Inmate Systems Supervisor, addressed to the Warrant/Fugitive Unit of Montgomery

4

County District Attorney.  (Docket entry #1, p. 5.)  Referring to Docket No. CP-46-5914-2004, the form states:

> Inmate WILSON is currently at this facility for service of a federal sentence.  His presentence investigation report and NCIC indicate he was arrested on July 19, 2004, for Theft by Unlawful Taking of Moveable Property, Theft by Receiving Stolen Property, Access Device Fraud, Forgery, Identity Theft, False ID to Law Enforcement Authorities, Driving while Operating Privilege is Suspended/Revoked & Criminal Conspiracy.  A failure to appear bench warrant was issued on September 24, 2004.  Please review this matter and advise if your office wishes to lodge a detainer.  If so, you will need to forward a certified copy of the warrant along with a cover letter requesting a detainer be lodged.
>
> If you do not wish to lodge a detainer, please advise, in writing, if the warrant will remain open or be recalled/all interest closed.  If the warrant will remain open, you may choose to be notified 60 days prior to the inmate's release which, at this time, is tentatively schedul3ed for June 11, 2010.

(Id.)

Exhibit Two is identical to Exhibit One, with the addition of the following language: "SECOND REQUEST - JUNE 21, 2007." (Docket entry #1, p. 6.)

Exhibit Three is a letter dated August 5, 2008, from Petitioner to the Warrant/Fugitive Unit of the Montgomery County District Attorney, regarding the above referenced outstanding active warrant.  (Docket entry #1, p. 7.)  Petitioner requests "that at this time in the interest of justice that your office

5

quash the warrant or in the alternative your office lodge a formal proper detainer so I may assert and exercise my rights" and "that your office respond and provide me with the address of the Courthouse that has Jurisdiction over this matter so I may pursue this further if not satisfied with your Decision."  (Id.)

The fourth exhibit is a letter dated November 20, 2008, from the Criminal Case Management Office of the Superior Court of New Jersey, Cumberland County, to Petitioner.  (Docket entry #1, p. 8.)  The letter refers to receipt of a motion from Petitioner on November 5, 2008, and states that the court has no jurisdiction over the matter and that Petitioner may be able to seek relief from the Pennsylvania Courts or the Federal Judiciary.  (Id.)

## II.  DISCUSSION

A.   Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004).

B.  Jurisdiction

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table).  This Court therefore construes the Petition as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless – . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

7

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998). The threshold question here is whether Petitioner is sufficiently "in custody" to attack the Pennsylvania charges where he is in federal custody in New Jersey and Pennsylvania has not lodged a detainer or otherwise indicated an intention to obtain future custody of Petitioner.

The Supreme Court determined in Maleng v. Cook, 490 U.S. 488, 493 (1989), that, where a state "has placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences [the federal inmate] was 'in custody' under his . . . state sentences at the time he filed" his habeas petition attacking the state sentences. See also Peyton v. Rowe, 391 U.S. 54 (1968); Mokone v. Fenton, 710 F.2d 998, 1002 & n.11 (3d Cir. 1983). The Supreme Court's ruling in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), is also instructive. The Court held in Braden that an Alabama prisoner who filed a § 2241 petition in the Western District of Kentucky challenging the validity of a Kentucky indictment was "in custody" to challenge the indictment, where Kentucky had lodged an interstate detainer with Alabama prison authorities. The Court expressly left open

the question of whether the petitioner would be sufficiently "in custody" to attack the Kentucky indictment if no detainer had been lodged against him by Kentucky:

> In this context . . . the 'future custody' under attack will not be imposed by the same sovereign which holds the petitioner in his current confinement.  Nevertheless, the considerations which were held in Peyton[v. Rowe, 391 U.S. 54, 63-64 (1968),] to warrant prompt resolution of the claim also apply with full force in this context . . . .  Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3).  On the facts of this case, we need not decide whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack the Kentucky indictment by an action in habeas corpus.

Braden, 410 U.S. at 489 n.4.

This Court notes that the Supreme Court has defined a detainer as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993).  Although the United States Court of Appeals for the Third Circuit has not decided the question, at least two circuits have ruled that a petitioner incarcerated in one state is not "in custody" to attack charges in another state where the second state has not lodged a

9

detainer. See <u>Daker v. Baker</u>, 263 Fed. Appx. 809, 812 (11th Cir. 2008) ("We therefore conclude that, under <u>Braden</u>, the existence of a dead-docketed indictment, without a detainer, does not place Daker 'in custody' for purposes of § 2241"); <u>Stacey v. Warden, Apalachee Correctional Institution</u>, 854 F.2d 401, 403 (11th Cir. 1988) (Florida petitioner was not "in custody" for purpose of bringing habeas petition attacking Alabama conviction unless Alabama has lodged a detainer; "Although the Supreme Court in <u>Braden</u> did not foreclose the possibility that a petitioner in Stacey's position could be 'in custody' even in the absence of a detainer warrant, we have found no authority, and discern no rationale, for extending <u>Braden</u> to the facts of this case"); <u>Dodd v. United States Marshal</u>, 439 F.2d 774, 775 (2nd Cir. 1971) ("inasmuch as no detainer has been filed by Washington State with the appropriate federal officials, [petitioner serving a federal sentence] is not 'in custody' of the Washington officers and hence the district court was without jurisdiction to accept the application").

In <u>Duarte v. Hurley</u>, 43 F. Supp. 2d 504 (D.N.J. 1999), United States District Judge Alfred J. Wolin determined that the petitioner, who was serving a federal sentence for bank robbery, was "in custody" under § 2254 to challenge a consecutive 10-year New Jersey sentence, even though New Jersey had not lodged a detainer. Judge Wolin relied on the Second Circuit's ruling in

10

Frazier v. Wilkinson, 842 F.2d 43, 43 (2nd Cir. 1988), that a petitioner is "in custody" to challenge a consecutive sentence imposed by another state where "there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement." Id.

This Court finds that Frazier and Duarte are inapposite because Pennsylvania has neither imposed a consecutive sentence of imprisonment nor lodged a detainer seeking future custody of Petitioner. Moreover, the face of the Petition and documents attached thereto show that Montgomery County officials failed to respond to two written requests from federal authorities to lodge a detainer, and one letter from Petitioner asking them to lodge a detainer or dismiss the charges. Thus, on the face of the Petition, there is no reasonable basis to apprehend that Montgomery County authorities will seek custody of Petitioner upon the conclusion of his federal sentence. This Court is constrained to find that the face of the Petition does not show that Petitioner is "in custody" to challenge the Montgomery County charges where Pennsylvania has not lodged a detainer or otherwise expressed an intention to take future custody of Petitioner. Accordingly, this Court will dismiss the Petition for lack of subject matter jurisdiction under § 2241.[1] See

---

[1] Petitioner does not name the Bureau of Prisons or any BOP official as respondent, and nothing in the Petition indicates
(continued...)

<u>Whiteley v. Attorney General of Connecticut</u>, 2007 WL 121457 (D.N.J. Jan. 11, 2007).

C.  <u>Certificate of Appealability</u>

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for lack of subject matter jurisdiction is correct.

---

[1](...continued)
that Petitioner is challenging the present effect being given to the Pennsylvania charges by the Bureau of Prisons.  If Petitioner desires to challenge the present effects of the Pennsylvania charges, then he may do so by filing a new pleading after he has exhausted the BOP's three-step administrative remedy program. <u>See</u> <u>Nelson v. George</u>, 399 U.S. 224 (1970).

### III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for lack of jurisdiction.


                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**


Dated: May 12, 2009